UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND BEND DIVISION

| | |
|---|---|
| NORCO INDUSTRIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-cv-00313-PPS-APR |
| CPI BINANI, INC., | ) |
| Defendant. | ) |
| CPI BINANI, INC., | ) |
| Counterclaimant, | ) |
| v. | ) |
| NORCO INDUSTRIES, INC., | ) |
| Counter-Defendant. | ) |

**DEFENDANT/COUNTERCLAIMANT CPI BINANI, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant/Counterclaimant CPI Binani, Inc. ("CPI") submits its Answer, Affirmative Defenses, and Counterclaim to the Complaint served by Plaintiff Norco Industries, Inc. ("Norco") on August 7, 2012.

**ANSWER**

In accordance with Northern District of Indiana Local Rule 10-1, the allegations in Norco's Complaint are restated verbatim below with CPI's answers immediately following each restated allegation.

9101745v1

1. Norco is a corporation organized under the laws of the State of California, with a place of business at 2600 Jeanwood Dr., Elkhart, Indiana 46514.

**ANSWER:** CPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Norco's Complaint and, therefore, denies these allegations.

2. On information and belief, CPI is a corporation organized under the laws of the State of Minnesota, with a principal place of business at 1700 Wilkie Drive, P.O. Box 108, Winona Minnesota.

**ANSWER:** CPI admits the allegations in paragraph 2 of Norco's Complaint.

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

**ANSWER:** CPI admits only that this action is brought under the patent laws of the United States, but denies that CPI has committed patent infringement.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** CPI admits the allegations in paragraph 4 of Norco's Complaint.

5. CPI has committed acts of patent infringement in this Court's district, in Indiana, and elsewhere throughout the United States.

**ANSWER:** CPI denies the allegations in paragraph 5 of Norco's Complaint.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b), in that CPI is subject to personal jurisdiction in this district and therefore resides in this district, and CPI has and is committing acts of infringement in this district.

**ANSWER:** CPI denies that it has committed or is committing acts of infringement in this district. CPI admits only that venue is proper in this district for the claims alleged.

7. On December 20, 2011, the U.S. Patent Office issued U.S. Patent No. D650,723 ("the '723 patent") to Bernard F. Garceau and Robert G. Chew for an invention entitled *Roof Bow*, Norco owned the '723 patent throughout the period of CPI's infringing acts and still owns the '723 patent. A copy of the '723 patent is attached hereto as Exhibit A.

**ANSWER:** CPI admits only that a copy of the '723 Patent is attached to Norco's Complaint, denies that CPI has committed any "infringing acts," and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Norco's Complaint and, therefore, denies said allegations.

8. CPI has infringed and is still infringing the '723 patent by making, selling, and using roof bows that embody the patented invention, including but not limited to the roof bow pictured on [sic] below, and CPI will continue to do so unless enjoined by this Court.

**ANSWER:** CPI denies the allegations in paragraph 8 of Norco's Complaint.

9. Norco has complied with the statutory requirement of placing a notice of the '723 patent on all roof bows it manufactures that embody the patented invention.

**ANSWER:** CPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Norco's Complaint and, therefore, denies said allegations.

10. Despite Norco's placement of notice on its products, CPI continues to sell roof bows embodying the invention claimed in the '723 patent, and, therefore, has willfully infringed the '723 patent.

**ANSWER:** CPI denies the allegations in paragraph 10 of Norco's Complaint.

11. As a direct and proximate result of the infringement identified in Count I of this Complaint, Norco has suffered and continues to suffer damages.

**ANSWER:** CPI denies the allegations in paragraph 11 of Norco's Complaint.

9101745v1

12. On information and belief, CPI's willful infringement makes this case exceptional within the meaning of 35 U.S.C. § 285.

**ANSWER:** CPI denies the allegations in paragraph 12 of Norco's Complaint.

13. If CPI is permitted to continue its infringement of Norco's patent rights, Norco will be irreparably harmed.

**ANSWER:** CPI denies the allegations in paragraph 13 of Norco's Complaint.

## AFFIRMATIVE DEFENSES

1. Norco fails to state a claim against CPI upon which relief can be granted.

2. The '723 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

3. The patent at issue is invalid on functionality grounds.

4. CPI reserves the right to assert additional defenses in accordance with the anticipated Pretrial Scheduling Order, the discovery and proceedings in the case, and orders of the Court.

CPI respectfully requests that Norco take nothing by way of its Complaint, that judgment be entered in favor of CPI and against Norco, and that the Court award CPI its attorneys' fees and costs incurred in defending this action.

## COUNTERCLAIM

For its counterclaim against Norco, CPI alleges and states as follows:

### Parties, Jurisdiction and Venue

1. CPI is a corporation organized under the laws of the State of Minnesota, with a principal place of business at 1700 Wilkie Drive, P.O. Box 108, Winona, MN 55987.

2. Upon information and belief, Norco is a California corporation with a principal place of business at 2600 Junewood Dr., Elkhart, IN 46514.

3. This is an action for declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Jurisdiction and venue over this counterclaim is proper in the Northern District of Indiana.

### Facts

5. Norco purports to be the owner of U.S. Patent No. D650,723 ("the '723 design patent") and has expressly charged CPI with infringement of the '723 design patent by filing a complaint for patent infringement on August 6, 2012.

6. In light of Norco's Complaint for patent infringement, there exists an actual controversy between CPI and Norco regarding the '723 design patent.

7. Accordingly, a valid and justiciable controversy has arisen and exists between CPI and Norco. CPI desires a judicial determination and declaration of the respective rights and duties of the parties in connection with the '723 design patent.

### Count I
### (Declaratory Judgment of Invalidity of the '723 Patent)

8. CPI repeats and realleges the allegations of Paragraphs 1-7 above in their entirety.

9. The '723 design patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

10. The '723 design patent is invalid on functionality grounds.

### Prayer for Relief

CPI prays for judgment in its favor and against Norco as follows:

A. Dismissing with prejudice Norco's claims against CPI;

B. Declaring the '723 design patent to be invalid and unenforceable;

C. Denying Norco's request for damages, costs, attorneys' fees, and injunctive relief;

D. Finding this case to be an "exceptional case" within the meaning of 35 U.S.C. § 285 based on the conduct of Norco, and awarding CPI costs in this action and reasonable attorneys' fees to the fullest extent permitted by law; and

E. Granting CPI such other and further equitable or legal relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant demands a trial by jury of all issues triable of right by jury.

Dated: August 28, 2012.

Respectfully submitted:

/s/ Patrick D. Murphy              .
Patrick D. Murphy (14312-49)
Boveri Murphy Rice, LLP
400 Plaza Building
210 South Michigan Street
South Bend, Indiana 46601
Phone: 574-232-0300
Fax: 574-232-0400
Email: pmurphy@bmrllp.com

Attorney for Defendant/Counterclaimant
CPI Binani, Inc.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was electronically filed on August 28, 2012, with the Clerk of the Court using CM/ECF system, which sent electronic notification of such filing to the following counsel of record:

> Robert J. Feldt, Esq. (rfeldt@eichhorn-law.com); and
> Paul A. Rake, Esq. (prake@eichhorn-law.com).

/s/ Patrick D. Murphy
Patrick D. Murphy (14312-49)

7

9101745v1