```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


NORCO INDUSTRIES, INC.,           )
                                  )
          Plaintiff               )
                                  )
          v.                      )   CIVIL NO. 2:12 cv 313
                                  )
CPI BINANI, INC.,                 )
                                  )
          Defendant               )
*******************************)
CPI BINANI, INC.,                 )
                                  )
          Counter Claimant        )
                                  )
          v.                      )
                                  )
NORCO INDUSTRIES, INC.,           )
                                  )
          Counter Defendant       )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel the Deposition of Defendant CPI Pursuant to Federal Rule of Civil Procedure 30(b)(6) [DE 44] filed by the plaintiff, Norco Industries, Inc., on December 10, 2012. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Background

On August 6, 2012, the plaintiff, Norco Industries, Inc., filed a complaint alleging that the defendant, CPI Binani, Inc., infringed on United States Design Patent No. D650,723, based on CPI's manufacture and sale of composite

rafters for recreation vehicles and trailers. Several months later, Norco filed a motion for a preliminary injunction against the continued use of the infringed product. The court set an expedited discovery deadline of December 18, 2012, for discovery related to the preliminary injunction motion. On December 6, 2012, Norco sent CPI its Notice of Deposition of CPI, identifying eight topics on which Norco desires to depose a CPI representative. The topics include:

> 1. The design, development, and manufacture of CPI's composite RV rafters that are accused of infringement in this litigation ("the Accused Products").
>
> 2. Communications, both oral and written, with Mito, Keystone, and/or other customers regarding the design, development, manufacture, costs, and sales of the Accused Products.
>
> 3. Advertising and marketing of the Accused Products.
>
> 4. Sales history, costs, profits, and revenues for the Accused Products.
>
> 5. All documents produced by CPI as part of expedited discovery related to Norco's motion for preliminary injunction.
>
> 6. The factual basis for any claim construction argument that CPI intends to assert in responding to Norco's motion for preliminary injunction.
>
> 7. The factual basis for CPI's assertion that the Accused Products do not in-

>   fringe upon the patent-in-suit, if it intends to argue non-infringement in responding to Norco's motion for preliminary injunction.
>
>   8. The factual basis for CPI's assertion that the patent-in-suit is invalid, if it intends to argue invalidity in responding to Norco's motion for preliminary injunction.
>
>   (Pltf. Mot. Ex. 2 p. 4)

CPI objected to the proposed topics on various grounds.  The court set a briefing schedule, and Norco submitted the present motion to compel the deposition testimony of CPI.

## Discussion

Norco moves to compel the deposition of a CPI representative under Federal Rule of Civil Procedure 30(b)(6) which states "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description,

3

nature, custody, condition and location of any books, documents, or other tangible things."  Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* *Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has

provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion,

5

considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (*examining* *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted). *See also* *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

CPI agrees that Norco may depose any CPI employee who submits a declaration in support of CPI's opposition to Norco's motion for preliminary injunction before the motion is heard or any individual who CPI may call as a witness. However, CPI contends that nothing more is warranted and that Norco should not be permitted to take the deposition of a CPI representative on the issues set forth in its subpoena, raising various objections.

To begin, CPI argues that Topics 1-4 are not relevant to Norco's motion for a preliminary injunction. To succeed on its preliminary injunction Norco would have to show that: it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in [its] favor, and that an injunction is in public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). To show that a patent has been infringed, the plaintiff must establish "ownership of the patent, . . . the specific patent infringed, . . . the means by which the defendant infringed the patent, and . . . the specific statute violated." *Cleversafe, Inc. v. Amplidata, Inc.*, 2011 WL 6379300, *1 (N.D. Ill. Dec. 20, 2011). CPI complains that many of the topics introduced in Norco's notice of deposition would not help show that Norco is likely to succeed on the merits or that it is likely to suffer irreparable injury.

Norco responds that its first topic, the design, development, and manufacture of CPI's composite RV rafters, is relevant to exploring CPI's defenses. It would enable Norco to determine how CPI copied the patented roof bow, which is directly relevant to rebutting CPI's anticipated defense of patentability. To show that it can succeed on the merits, the plaintiff must show both that its claim has merit and that it can overcome any defenses. Stacy L. Davis and Lisa A. Zakolski, *Federal Procedure, Lawyer's Edition*, §47:59. Therefore, background that may be used to rebut anticipated

defenses is relevant to the motion for preliminary injunction.

CPI counters that patent infringement is evaluated by comparing only the appearance of the accused product to the design claimed in the patent, and that the samples, drawings, and photos it produced are the only discovery necessary to achieve this. It is CPI's position that the manufacture and development of the product would be irrelevant to the question of infringement. The court disagrees. The way in which the product was made may show whether the product design was the same and will shed greater light on whether the appearance of the product is similar enough to support Norco's position that it is likely to succeed on the merits. Moreover, the development process may reveal whether CPI in fact copied Norco. The first topic goes directly to the heart of the dispute: whether CPI copied and manufactured Norco's patented product.

The second proposed topic states Norco's intent to inquire about communications CPI had with Mito, Keystone, or other customers regarding design, development, manufacture, costs, and sales. Because the court has determined that CPI's design, development, and manufacturing process are relevant, communications regarding these topics also may

bear on whether CPI copied Norco's patented product. These communications may reveal how CPI developed its product, whether the development stemmed from Norco's design, and whether the product was made in the same manner. The design, development, and manufacturing process bear on the appearance of the product, which CPI argues is the only relevant inquiry. However, as explained below, although CPI's sales are relevant and subject to discovery, CPI's costs are not.

Norco also intends to depose the CPI representative about the advertising, marketing, sales history, costs, profits, and revenues of the accused products. Norco believes this information is necessary to establish irreparable harm, namely lost sales, damage to reputation, and loss of market share. There is a presumption that infringement threatens irreparable injury for which there is no adequate remedy at law. **AM General Corp. v. DaimlerChrysler Corp.**, 311 F.3d 796, 805 (7th Cir. 2002). "[T]he court balances likelihood of success and the risk of irreparable harm on a sliding scale: the better a party's chances of winning at trial, the less the balance of harms needs to favor that party." **AM General**, 311 F.3d at 831. When considering irreparable injury, the court may consider loss of market

share, decrease in production, reduction in workforce, and the costs to the parties.  Economic losses alone will not suffice to show irreparable injury. *AM General*, 311 F.3d at 831.  However, economic loss coupled with loss of customers or goodwill may satisfy the plaintiff's burden. *Praefke Auto Electric & Battery Co., Inc. v. Tecumseh Products Co.*, 225 F.3d 460, 462 (7th Cir. 2001); *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 970 (11th Cir. 2005); Stacy L. Davis and Lisa A. Zakolski, *Federal Procedure, Lawyer's Edition*, §47:60.

Norco does not explain how discovery of CPI's advertising or marketing would show any loss of market share, customers, or goodwill, nor would CPI's costs, profits, and revenues show the injury Norco suffered.  The court agrees that the sales history may be relevant to determining the market share and customers lost as a result of the infringement.  Although marketing and advertising may have contributed to a loss of customers and market share, the way in which Norco advertised will not show the actual loss, rendering this information irrelevant to the preliminary injunction.  Additionally, CPI's profits and revenues would not bear on what Norco lost as a result of the alleged patent infringement.  The inquiry should be limited to facts

relevant to what Norco needs to obtain a preliminary injunction, namely Norco's permanent injury. For this reason, Norco may depose a CPI representative about its sales history but may not question the representative about CPI's advertising, marketing, costs, profits, and revenues.

The fifth topic pertains to documents produced by CPI as part of its expedited discovery related to Norco's motion for preliminary injunction. CPI argues that it would be unduly burdensome to prepare a witness to testify about the 4,000 documents it has produced and that this topic is not stated with "reasonable particularity" as required by Rule 30(b)(6). CPI produced the documents, and therefore acknowledged that the documents are relevant to the dispute. Because the documents are CPI's own, CPI should be familiar with the documents and able to find a representative competent to testify about their contents. Norco has a right to conduct discovery on information that is relevant and will bear on its motion. CPI has not provided enough explanation to show how this request would be overly burdensome.

Topics 6-8 state Norco's intent to depose the CPI representative regarding the factual basis for any claim construction argument, assertion that the accused products do not infringe upon the patent-in-suit, or assertion that the

11

patent-in-suit is invalid, which CPI intends to assert in defense of Norco's claim. These topics are relevant because they go directly to CPI's possible defenses. However, CPI argues that the proposed topics are inappropriate deposition topics.

Norco's deposition topics exceed the scope of discovery and attempt to discover the legal conclusions and mental impressions of CPI's attorneys.  The proposed topics state Norco's intent to inquire about the factual basis of CPI's possible defenses.  The factual basis of any defenses that may be raised is a determination made by CPI's attorneys. This would amount to an attempt to depose opposing counsel. See *S.E.C. v. Buntrock*, 2004 WL 1470278, *2 (N.D. Ill. June 29, 2004).  To respond, Norco either would need to depose CPI's attorney or CPI's attorney would need to prepare a witness to testify about the basis of its defenses.  In either case, it would reveal the factual and legal theories of the defenses CPI's attorney intends to raise.  If Norco were to make this inquiry to a CPI employee who has been informed about the basis of the defenses for the purpose of the deposition, this would infringe upon the attorney-client privilege, which shields from discovery any communications between the attorney and his client. See *Upjohn Co. v.*

*United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981)(explaining "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). If Norco were to depose CPI's attorney, this directly would reveal his or her mental impressions and the legal theories on which he or she basis the defenses. Although the text of the attorney client privilege only prohibits discovery of documents made in anticipation of litigation, "the principles of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the seminal work product case, restrict an opposing party's inquiry into an attorney's mental processes, regardless of the discovery method employed." *Oak Industries v. Zenith Electronics Corp.*, 687 F.Supp. 369, 374 (N.D. Ill. 1988).

Norco attempts to remove its proposed topic from the shield of these privileges by limiting the inquiry to the "factual basis" of the defenses rather than the attorney's legal basis. However, the court cannot fathom a manner in which the factual basis can be revealed without disclosing CPI's attorney's mental conclusions, legal theories, and conclusions. Discovery of the factual basis of the defenses

would reveal the attorney's impression of the facts and legal theory of the case.  Additionally, Norco will learn of CPI's proposed defenses when CPI files its response to Norco's motion for a preliminary injunction.  For these reasons, the court agrees that proposed deposition topics 6-8 are improper.  See *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082 (N.D. Ill. Jan. 24, 2000) (holding that discovery request seeking the factual basis of the plaintiff's claim improperly infringes on the attorney/client and work product privileges).  Norco's motion to compel the deposition of a CPI representative on these topics is **DENIED.**

_____

Based on the foregoing, the Motion to Compel the Deposition of Defendant CPI Pursuant to Federal Rule of Civil Procedure 30(b)(6) [DE 44] filed by the plaintiff, Norco Industries, Inc., on December 10, 2012, is **GRANTED IN PART** and **DENIED IN PART.**  Norco may proceed with its deposition of a CPI representative consistent with the limitations of this order.

ENTERED this 13th day of December, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge